# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WAYNE BILLINGSLEY, et al, | ) | CV F 02 5853 REC DLB |
| | ) | |
| Plaintiffs, | ) | ORDER REGARDING PARTIES' DISCOVERY DISAGREEMENTS |
| v. | ) | (Document 93) |
| LOVELAND INDUSTRIES, INC., dba UAP WEST, et al., | ) | |
| Defendants. | ) | |

On July 14, 2005, the parties filed the instant discovery motion. The matter was heard on August 5, 2005, before the Honorable Dennis L. Beck, United States Magistrate Judge. Gerald Leverett appeared on behalf of Plaintiffs. Sean Slattery appeared on behalf of Defendant.

## BACKGROUND

Plaintiffs filed the instant action in the Tulare County Superior Court on June 12, 2002, and the action was subsequently removed to this Court. Plaintiffs allege that Defendant Loveland Industries, Inc. ("Defendant")[1] trespassed upon Plaintiffs' almond orchard. Specifically, Plaintiffs allege that during 2001, Defendant, without authorization, deposited into a certain "tail water pit" unknown substances or materials which were generated by Defendant.

---

[1] On February 12, 2005, the Court granted Defendant J.R. Simplot Company's Motion for Good Faith Settlement.

1

Plaintiffs allege that the orchard was damaged as a result of the introduction of the substances into the irrigation water. Defendant contends that the only substances it placed into the tail water pit were rinsewater and minimal amounts of nitrogen based fertilizers (referred to by the parties as "rinseade" and/or "rinsate"), and that it did so with permission and pursuant to a two year old informal agreement between the parties. Defendant further contends that it did not cause any damage to Plaintiffs' property.

On February 24, 2005, Plaintiffs filed their first discovery motion regarding Defendant's responses to Plaintiff's Request for Admissions, Nos. 1-30. These requests asked for admissions relating "captured diluted solutions" and "fertilizing materials," as those terms are defined by the California Food and Agriculture Code. On March 29, 2005, the Court denied the motion in part and granted the motion in part. As is relevant for this motion, the Court ordered Defendant to respond to Plaintiffs' Requests for Admissions, except for Nos. 2, 3, 11 and 12.

On July 14, 2005, the parties filed the instant discovery motion. Plaintiffs request that the Court determined the sufficiency of Defendant's responses to Plaintiffs' Requests for Admissions Nos. 15, 16, 18, 26 and 28. Defendant seeks to compel the deposition of Plaintiff Wayne Billingsley.

The parties filed their joint statement pursuant to Local Rule 37-251 on July 25, 2005. On August 3, 2005, the parties filed a supplemental joint statement indicating that the issues regarding Requests for Admissions Nos. 26 and 28 had been resolved.

**DISCUSSION**

A.   Defendant's Responses to Requests for Admissions

Pursuant to Federal Rule of Civil Procedure 36(a), a party who has requested admissions may move to determine the sufficiency of the answers or objections.

Plaintiffs request that this Court determine the sufficiency of Defendant's responses to Plaintiffs' Requests for Admissions, Nos. 15, 16, and 18. On March 29, 2005, the Court ordered Defendant to provide responses to Plaintiffs' Requests for Admissions, except for Nos. 2, 3, 11 and 12. The Court explained that the requests were proper because they required Defendant to apply the facts of the instant action to the legal terms as defined in the preamble to the requests.

2

The requests at issue are as follows:

<u>Request No. 15</u>

Admit that Defendant UAP distributed to Plaintiffs captured diluted solutions that were not physically accompanied by a label in 2000.

<u>Request No. 16</u>

Admit that Defendant UAP distributed to Plaintiffs captured diluted solutions that were not physically accompanied by a label in 2001.

<u>Request No. 18</u>

Admit that Defendant UAP never tested the captured diluted solutions distributed by UAP to Plaintiffs in 2001 to determine the minium percentage of primary or secondary plant nutrients or micronutrients, or both.

Defendant provided the following response[2] to each of the above requests:

Deny.  To the extent plaintiffs' preliminary definitions mirror sections of the California Agricultural Code, responding party admits the majority of its practices as they pertain to fertilizer distribution within the State of California are governed by applicable sections of the California Agricultural Code.

The response is the same response provided prior to Plaintiffs' first discovery motion and the Court's subsequent order.  Plaintiffs assert that the response is insufficient, based on the prior court order and based, in part, on the belief that the facts undermine Defendant's denial.

A review of the Court's prior order reveals that the Court simply ordered Defendant to either admit or deny the requests at issue.  Indeed, Defendant's answer goes beyond that and includes a further explanation regarding the applicability of the California Food and Agriculture Code to Defendant's practices.  This explanation, which is neither a denial nor an admission, is irrelevant.  Accordingly, the Court ORDERS the explanation that follows "Deny." STRICKEN.  Defendant's response to Plaintiffs' Request for Admissions Nos. 15, 16 and 18 is therefore, "Deny."

---

[2] The Court has not included Defendant's boilerplate objections.

To the extent Plaintiffs argue that the facts make Defendant's denials questionable and request that this Court order admissions, the Court cannot prohibit a party from admitting or denying a request based upon their understanding and application of the facts.

B.  <u>Deposition of Plaintiff Wayne Billingsley</u>

Defendant requests that this Court order Plaintiff Wayne Billingsley to appear for his properly noticed deposition. Plaintiffs have objected to his deposition because of his physical health, explaining that he suffered a stroke two years ago and contend that he is not capable of giving accurate testimony. They also contend that the deposition process may constitute a health hazard.

Mr. Billingsley, despite his health issues, is a named plaintiff in this case and Defendant is entitled to his deposition. Defendant is aware of his condition and is willing to make certain accommodations. Accordingly, Defendant's request to depose Mr. Billingsley is GRANTED. The deposition will take place at a time and place of Mr. Billingsley's convenience. The deposition will be limited to two hours and will be recessed if the need arises.

**ORDER**

1. As to Plaintiffs' motion to determine the sufficiency of Defendant's responses to Requests for Admissions Nos. 15, 16 and 18, the Court ORDERS the explanation that follows "Deny." STRICKEN. Defendant's response to Plaintiffs' Request for Admissions Nos. 15, 16 and 18 is therefore, "Deny."

2. Defendant's motion to compel the deposition of Plaintiff Wayne Billingsley is GRANTED. The deposition shall (1) take place at a time and place of Mr. Billingsley's convenience; (2) be limited to two hours; and (3) be recessed if the need arises.

IT IS SO ORDERED.

Dated: __August 5, 2005__          _____/s/ Dennis L. Beck_____
3b142a                              UNITED STATES MAGISTRATE JUDGE